In the Matter of MARTIN I. ROTH, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 8, 1977

*Nicholas C. Cooper* and *Edward H. Albert* for petitioner.

*Per Curiam.* The respondent was admitted to practice by this court on June 22, 1960. In this proceeding to discipline him for professional misconduct, the petitioner moves to con-

firm the report of the Justice of the Supreme Court to whom the issues were referred for hearing and report.

Respondent was charged with the following professional misconduct: (1) On March 9, 1973, he was convicted in the United States District Court for the Southern District of New York of unlawfully, willfully, knowingly and corruptly obstructing and impeding and endeavoring to obstruct and impede the due and proper administration of laws of the United States, to wit, the Securities Act of 1933 and the Securities Exchange Act of 1934, as amended (US Code, tit 18, § 1505) and unlawfully, willfully and knowingly making false, fictitious and fraudulent statements and representations, and unlawfully, willfully and knowingly, in a matter within the jurisdiction of the United States Securities and Exchange Commission, producing and using writings and documents knowing the same to be false, fictitious and fraudulent (US Code, tit 18, § 1001). The respondent was sentenced to imprisonment for a period of 21 months on each of six counts, the sentences to run concurrently.

(2) On May 29, 1974 he was convicted in the same court of unlawfully, willfully and knowingly, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, using and employing manipulative and deceptive devices and contrivances in contravention of rule 10b-5 (17 CFR, § 240.10b-5) of the Rules and Regulations of the United States Securities and Exchange Commission (US Code, tit 15, § 78j, subd [b]; § 78ff; US Code, tit 18, § 2). The imposition of sentence was suspended and the respondent was placed on probation for a period of three years, to commence upon the completion of the sentence imposed on March 9, 1973.

The Referee sustained the allegations of misconduct. After reviewing all of the evidence we are in accord with the findings of the Referee. Accordingly, petitioner's motion to confirm the Referee's report is granted.

The respondent is adjudged guilty of serious professional misconduct and should be, and he hereby is, disbarred from further practice of law and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and COHALAN, JJ., concur.